IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUBEN LOPEZ, | ) | Case No. 4:07CV3214 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner has paid his filing fee[1] and the court has now conducted an initial review of the petition for writ of habeas corpus (filing 1) to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable in federal court. Condensed and summarized for clarity, the four claims asserted by the petitioner are these:

Claim One: The petitioner's plea of no contest to charges of second degree murder and possession of cocaine with intent to deliver was involuntary because (1) he was threatened with a harsher sentence if he did not plead, (2) it was promised that he would receive no greater sentence than the persons who actually committed the crime(s), and (3) he was told that he would be found guilty "no matter what" because he had attempted to dispose of the body. This is construed as a due process claim arising under the Fourteenth Amendment.

---

[1] Although the petitioner filed a motion for leave to proceed in forma pauperis (filing 2) and a prisoner account statement (filing 3) with his petition, he has since paid the $5.00 filing fee. Accordingly, the motion for leave to proceed in forma pauperis will be denied without prejudice, as moot.

Claim Two: There was prosecutorial misconduct because (1) witnesses were instructed not to discuss the case with defense counsel and (2) exculpatory evidence was not disclosed, including (a) an affidavit from a police officer stating that two other persons (Gino and Troy) committed the murder, and not the petitioner, (b) DNA testing, (c) fingerprint testing, and (d) blood splatter analysis. This is also construed as a due process claim arising under the Fourteenth Amendment.

Claim Three: The petitioner was denied effective assistance of trial counsel with respect to the second degree murder charge because his attorney (1) failed to raise Troy's confession as an issue, (2) failed to prepare for trial, (3) threatened to withdraw, such that the petitioner would receive the death penalty, (4) failed to show that the petitioner had never worn a pony tail, and (5) failed to call alibi witnesses, including the petitioner's children and Kim Matteo. This is construed as a Sixth Amendment claim.

Claim Four: The petitioner was denied effective assistance of trial counsel with respect to the drug charge because his attorney did not object to the charge based on (1) the fact that the petitioner's fingerprints were not on the drugs and (2) the fact that the petitioner's garage was detached. This is also construed as a Sixth Amendment claim.

Liberally construed, the court preliminarily decides that all claims are potentially cognizable in federal court. The court cautions, however, that no determination has been made regarding the merits of the claims, or any defenses to

them, or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

Accordingly,

IT IS ORDERED that:

1. The petitioner's motion for leave to proceed in forma pauperis (filing 2) is denied without prejudice, as moot.

2. Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that all claims are potentially cognizable in federal court, as described in the body of this memorandum.

3. The Clerk of the court is directed to mail copies of this memorandum and order and the section 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

4. By December 11, 2007, the respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: December 11, 2007: deadline for respondent to file answer or motion for summary judgment.

5. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B.  The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.  Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

E.  No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

F.  If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of

the motion for summary judgment.  **The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner.**

6. If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

   A. No later than 30 days after the filing of the answer, respondent shall file a separate brief.  Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.  *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

   B. The answer shall be supported by <u>all</u> state court records which are relevant to the cognizable claims.  *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

   C. Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's

        brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of respondent's brief, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

7.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

October 26, 2007.                      BY THE COURT:

                                                s/ *Richard G. Kopf*
                                                United States District Judge