IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUBEN LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:07CV3214 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| ROBERT HOUSTON, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 8.) In support of his motion, Respondent filed relevant state court records. (Filing No. 7.) Petitioner Ruben Lopez timely filed an Objection to Respondent's Motion for Summary Judgment and an Affidavit in support of his Objection. (Filing Nos. 10 & 11.)

Liberally construing the allegations of Lopez's Petition for Writ of Habeas Corpus ("Petition") and his Affidavit in support of his Objection (filing nos. 1 & 11), Lopez argues that his Petition should be granted because:

1. Lopez's plea of no contest to charges of second-degree murder and possession of cocaine with intent to deliver was involuntary because (1) he was threatened with a harsher sentence if he did not plead, (2) it was promised that he would receive no greater sentence than the persons who actually committed the crime(s), and (3) he was told that he would be found guilty "no matter what" because he had attempted to dispose of the body.

2. There was prosecutorial misconduct because (1) witnesses were instructed not to discuss the case with defense counsel and (2) exculpatory evidence was not disclosed, including (a) an affidavit

        from a police officer stating that two other persons (Gino and Troy) committed the murder, and not Lopez, (b) DNA testing, (c) fingerprint testing, and (d) blood-splatter analysis.

3.        Lopez was denied effective assistance of trial counsel with respect to the second-degree murder charge because his attorney (1) failed to raise Troy's confession as an issue, (2) failed to prepare for trial, (3) threatened to withdraw, such that Lopez would receive the death penalty, (4) failed to show that Lopez had never worn a pony tail, and (5) failed to call alibi witnesses, including Lopez's children and Kim Matteo.

4.        Lopez was denied effective assistance of trial counsel with respect to the drug charge because his attorney did not object to the charge based on (1) the fact that Lopez's fingerprints were not on the drugs and (2) the fact that Lopez's garage was detached.

5.        Lopez is actually innocent of the crimes for which he was convicted.

## I. BACKGROUND

On September 22, 2000, Lopez entered pleas of no contest to an amended information on Count I, murder in the second degree, and Count II, possession of cocaine with intent to deliver. *State v. Lopez*, No. A-01-849, 2002 WL 976016, at *1 (Neb. Ct. App. May 14, 2002). On June 29, 2001, the District Court of Madison County sentenced Lopez to forty to sixty years of imprisonment on Count I, murder in the second degree, and five to twenty years of imprisonment on Count II, possession of cocaine with intent to deliver, to be served consecutively. (Filing No. 7, Attach. 3, at CM/ECF pp. 1-2.) Lopez filed a direct appeal with the Nebraska

Court of Appeals, and the Nebraska Court of Appeals affirmed Lopez's conviction on May 14, 2002.  *See Lopez*, 2002WL976016, at *5.  The Nebraska Supreme Court overruled Lopez's petition for further review on July 3, 2002.  (Filing No. 7, Attach. 2, at CM/ECF p. 2.)

On December 31, 2003, Lopez filed a Verified Motion for Post Conviction Relief in the District Court of Madison County.  (*Id.* Attach. 4, at CM/ECF pp. 1-24.)  On November 9, 2004, the Verified Motion for Post Conviction Relief was overruled by the District Court of Madison County.  (*Id.* at CM/ECF pp. 25-27.)  On May 23, 2005, the Nebraska Court of Appeals affirmed the decision of the District Court of Madison County.  (*Id.* Attach. 2, at CM/ECF pp. 3-4.)  Lopez filed a Second Verified Motion for Post Conviction Relief in the District Court of Madison County on December 27, 2005.  (*Id.* Attach. 5, at CM/ECF pp. 1-11.)  The District Court of Madison County overruled the motion on January 3, 2006.  (*Id.* at CM/ECF pp. 12-13.)  On May 1, 2007, the Nebraska Court of Appeals affirmed the decision of the District Court of Madison County.  (*Id.* Attach. 2, at CM/ECF p. 5-6.)  Lopez's petition for further review was overruled by the Nebraska Supreme Court on June 6, 2007.  (*Id.*)  Lopez filed his Petition for Writ of Habeas Corpus with this court on August 24, 2007.  (Filing No. 1.)

## II.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") imposes a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  In particular, the AEDPA states:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Therefore, absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final. 28 U.S.C. § 2244(d)(1)(A).

A judgment is final, "for these purposes, at the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for a writ of certiorari." *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (internal citations & quotations omitted). The United States Supreme Court requires that a petition for writ of certiorari be filed within "ninety days from the date of entry of judgment in a state court of last resort. . . ." *Id.*; *see*

4

*also* Sup. Ct. R. 13(1). The calculation of the 90-day period runs from the date of entry of the judgment for which the writ of certiorari is sought, "and not from the issuance date of the mandate." Sup. Ct. R. 13(3).

In calculating the one-year period under the AEDPA, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). Stated another way, while the federal statute of limitations is tolled while an application for post-conviction relief is pending, the statute of limitations is not tolled during the period *after* the conclusion of direct review and *before* commencement of state post-conviction proceedings. *Id.*; *see also Curtiss*, 338 F.3d at 853-55.

Here, the Nebraska Supreme Court denied Lopez's petition for further review on July 3, 2002. (Filing No. 7, Attach. 2, at CM/ECF p. 2.) As set forth above, the court must consider the United States Supreme Court's allowance that a writ of certiorari may be filed within 90 days after the entry of judgment of a state's "court of last resort." Sup. Ct. R. 13(1). The Nebraska Supreme Court is the court of last resort in Nebraska. Therefore, for purposes of AEDPA, Lopez's judgment was final on October 3, 2002. Accordingly, Lopez's Petition for Writ of Habeas Corpus must have been filed in this court no later than October 3, 2003.

Lopez filed his Petition for Writ of Habeas Corpus in this court on August 24, 2007, long after the October 3, 2003 deadline. (Filing No. 1.) In addition, although Lopez sought state postconviction relief, his Verified Motion for Post Conviction Relief was not filed until December 31, 2003. (Filing No. 7, Attach. 4, at CM/ECF pp. 1-24.) The statute of limitations had already expired prior to the filing of Lopez's Verified Motion for Post Conviction Relief. Therefore, the Verified Motion for Post Conviction Relief has no bearing on whether Lopez's Petition for Writ of Habeas Corpus was timely submitted.

In his Affidavit in support of his Objection to Respondent's Motion for Summary Judgment, Lopez argues that his Petition should be considered because he is actually innocent.

The federal courts may equitably toll the AEDPA statute of limitations "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (citing cases and stating that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). However, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (citations & quotations omitted). "These circumstances usually include only those that are 'external to the petitioner.'" *Id*. (citing *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals has acknowledged that a claim of actual innocence can equitably toll the AEDPA statute of limitations; however, the petitioner must make a specific showing.

> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Id.* at 978 (concluding that petitioner did not make sufficient showing to toll AEDPA's statute of limitations when petitioner claimed actual innocence).

In this case, Lopez points to neither extraordinary circumstances beyond his control nor conduct by the State that prevented him from discovering facts establishing his actual innocence. Accordingly, Respondent's Motion for Summary Judgment is granted and Lopez's petition is dismissed as untimely.

IT IS THEREFORE ORDERED that:

1. Petitioner Ruben Lopez's Petition for Writ of Habeas Corpus is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

May 8, 2008.  BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge